UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAVID N. DAVISON,                :
                                 :
        Petitioner                :    No. 4:CV-10-1837
                                 :
    vs.                          :    (Petition Filed 09/01/10)
                                 :
                                 :    (Judge Muir)
JUDGE MICHAEL BARRASSE,          :
et al.,                          :
                                 :
        Respondents              :

**MEMORANDUM AND ORDER**

September 14, 2010

David Davison, an inmate presently confined at the Lackawanna County Prison, Scranton, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The required filing fee has been paid. Petitioner challenges ongoing state criminal proceedings in the Court of Common Pleas of Lackawanna County. The petition has been given preliminary consideration and, for the reasons discussed below, the court will dismiss this action without prejudice because there are ongoing state court criminal proceedings. See R. GOVERNING § 2254 CASES R. 4.[1]

---

1. Rule 4 of the Rules Governing § 2254 Habeas Corpus Cases provides, in pertinent part, that "[i]f it plainly appears

## I. **Background**

On March 26, 2008, Davison entered into a negotiated guilty plea to aggravated assault and was sentenced to eighteen (18) to thirty-six (36) months. See Commonwealth of Pa. v. Davison, CP-35- CR-0000101-2007, Criminal Docket Sheet.

On May 5, 2008, petitioner's motion for reconsideration of his sentence was granted and petitioner's sentence was reduced to eleven and one half (11½) months to twenty-three (23) months, followed by three (3) years, one (1) month probation. Id.

On September 12, 2008, petitioner was released on parole. Id.

On January 22, 2009, petitioner violated his parole and a capias Order for his arrest was issued. Id.

By Order dated May 12, 2009, Davison's sentence for aggravated assault was revoked and Davison was sentenced as follows:

> Incarceration in the Lackawanna County Jail for eleven & one-half (11½) to twenty-three (23) months followed by six (6) years probation. This is consecutive to the

---

from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

> Lehigh County Prison term the defendant is now serving and he is eligible for house arrest. Defendant has legal credit for time served only for time he spent in the Lackawanna County Prison on this charge and for time spent in Serenity Lodge from March 26th 2008 until his date of parole: August 22, 2008. Any previous time spent at furlough does not apply to his credit for time served and he has no credit for time while at liberty on parole. A violation of House Arrest rules is also a violation of the Consecutive Probation term and will result in a Gagnon II Hearing. Upon parole the defendant must adhere to conditions of probation/parole. He is not to violate any law of the Commonwealth or any other Governing Authority. He is not to drive a car and is to obtain psychiatric care plus maintain any medicine regimen prescribed for his mental health. If he leaves House Arrest, he will be charged with FELONY ESCAPE. There is a ZERO tolerance for any violation of this order...

(Doc. 1, Ex. 5, Order of Court of Common Please of Lackawanna County).

On June 11, 2009, Davison filed a notice of appeal to the Pennsylvania Superior Court. See Commonwealth of Pa. v. Davison, CP-35- CR-0000101-2007, Criminal Docket Sheet.

By Memorandum Opinion dated May 11, 2010, Davison's sentence imposed on May 12, 2009 was vacated and remanded. Id.

On August 2, 2010, a capias Order for Davison's arrest was issued for violating the following condition of his probation/parole:

3

> 3. You will comply with all Municipal, State and Federal Criminal laws, as well as the Vehicle, Liquor and Welfare Codes. You will not conduct yourself in any overt manner which threatens or presents a clear and present danger to yourself or others. You will notify the Probation/Parole Department within 72 hours of any arrests or contact with law enforcement officers that may result in your being charged with a new offense or issuance of a citation. You may not act as Confidential Informant for any law enforcement agency without prior permission of your Probation/Parole Officer.

(Doc. 1, Ex. 7, Order dated August 2, 2010).

By Order dated August 18, 2010, Davison's Gagnon II hearing and re-sentencing are scheduled for September 20, 2010. See Commonwealth of Pa. v. Davison, CP-35- CR-0000101-2007, Criminal Docket Sheet.

On September 1, 2010, Davison filed the instant petition for writ of habeas corpus. (Doc. 1, petition). For relief he seeks the following:

> 1. Order Warden Donate to Remove said Detainer/Capia from her records.
> 2. Order Judge Barresse to vacate said capias dated August 2, 2010.
> 3. Order Todd Ferretti, P.O. to stop his harassment of your petitioner and to vacate his parole/probation violation.
> 4. Order the petitioner released from custody on 07 CR 101 for the fact he has served his max. sentence of 23 months with extra credit of 77 plus days.

<u>Id</u>.

## II. **Discussion**

Generally, federal courts must adjudicate all cases and controversies that are properly before them. <u>New Orleans Pub. Serv., Inc. v. City of New Orleans</u>, 491 U.S. 350, 358, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." <u>Heritage Farms, Inc. v. Solebury Twp.</u>, 671 F.2d 743, 746 (3d Cir.1982). In <u>Younger v. Harris</u>, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." <u>Yi Yang v. Tsui</u>, 416 F.3d 199, 202 (3d Cir.2005) (discussing <u>Younger</u>, 401 U.S. 37 (1971)). The <u>Younger</u> Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings." <u>Younger</u>, 401 U.S. at 43. Absent extraordinary circumstances,[2] <u>Younger</u> abstention will apply when

---

2. Even when all requirements are met, <u>Younger</u> abstention is not appropriate when "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2)

the following three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Lazaridis v. Wehmer, No. 09-1342, --- F.3d ----, 2010 WL 27216, at *3 (3d Cir. January 7, 2010) (quoting Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir.2005)).

Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir.1992). It is clear that Davison's claims concerning his ongoing criminal proceedings satisfy the requirements of abstention, and the instant habeas action does not raise the type of extraordinary circumstances contemplated under Younger.

---

some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute ...." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir.1989). These exceptions are to be narrowly construed. Loftus v. Township of Lawrence Park, 764 F. Supp. 354, 357 (W.D. Pa. 1991). Wood has failed to show that he falls within any of the narrow exceptions to the Younger doctrine.

Thus, under the present circumstances, the Court concludes that it is appropriate to abstain from entertaining the petition, as abstention is required out of deference to the integrity of the state judicial process. Accordingly, the petition will be dismissed without prejudice.

III. **Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of

7

the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

An appropriate Order accompanies this Memorandum Opinion.



Dated: September 14, 2010   s/Malcolm Muir
                                     MUIR
                                     United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID N. DAVISON, | : | |
| | : | |
| Petitioner | : | No. 4:CV-10-1837 |
| | : | |
| vs. | : | (Petition Filed 09/01/10) |
| | : | |
| | : | (Judge Muir) |
| JUDGE MICHAEL BARRASSE, | : | |
| et al., | : | |
| | : | |
| Respondents | : | |

**ORDER**

September 14, 2010

For the reasons set forth in the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **DISMISSED** without prejudice.

2. A certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c).

3. The Clerk of Court is directed to **CLOSE** this case.

s/Malcolm Muir
MUIR
United States District Judge